Philip D. Stern & Associates, LLC
Attorneys at Law
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Alexander Braurman

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDER BRAURMAN,<br>Plaintiff,<br><br>vs.<br><br>GC SERVICES, LLP,<br>Defendant. | **COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiff, ALEXANDER BRAURMAN, by way of this Complaint against Defendant, GC SERVICES, LLP, say:

### I. PARTIES

1. ALEXANDER BRAURMAN is a natural person.

2. At all times relevant to the allegations in this Complaint, BRAURMAN was a citizen of, and resided in, the Township of Chester, Morris County, New Jersey.

3. At all times relevant to the allegations in this Complaint, GC SERVICES, LLP is a for-profit limited liability company existing pursuant to the laws of the State of Texas. GC SERVICES, LLP, maintains its principal business address at 6330 Gulfton Drive, City of Houston, Harris County, Texas.

### II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and 28 U.S.C. § 1367(a) with respect to claims arising under 47 U.S.C. § 227(b).

5. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant regularly transact business within this federal district by attempting to collect debts from consumers who reside in this district.

### III. PRELIMINARY STATEMENT

6. Plaintiff brings this action for the illegal practices of the Defendant who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others.

7. Plaintiff alleges that the Defendant's conduct in attempting to collect a debt violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

8. Such practices include, *inter alia*:

   (a) Leaving a telephonic voice message which failed to provide meaningful disclosure of GC SERVICES's identity;

   (b) Leaving a telephonic voice message which failed to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

   (c) Leaving a telephonic voice message which failed to disclose that the call is from a debt collector;

   (d) Communicating with Plaintiff in a manner, place and time which GC SERVICES knew or should have known to be inconvenient to Plaintiff;

   (e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs;

   (f) Using false, deceptive, or misleading representations or means in connection with

        the collection of any debt;

    (g) Using an artificial or pre-recorded voice to deliver a message without Plaintiff's prior express consent; and

    (h) Using an artificial or pre-recorded telephone message which failed to state Defendant's full legal name at the beginning of the message.

9.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

10.     The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

11.     To eliminate abusive debt collection practices by debt collectors, debt collectors may not communicate with consumers at times known to be inconvenient to the consumer. 15 U.S.C. § 1692c(a).

12.     To prohibit harassment and abuse by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt and enumerates a non-exhaustive list of such conduct which is deemed to violate that section. 15 U.S.C. §1692d(1)-(6). In that list is the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. §1692d(6).

13.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and enumerates acts and omissions which are deemed to violate that section. 15 U.S.C. §1692e(1)-(16). In that list is: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and the failure by debt collectors to disclose that the communication is from a debt collector. 15 U.S.C. §§1692e(10) and 1692e(11).

14.     The TCPA prohibits the use of prerecorded voices to deliver messages by calling residential telephones and, by virtue of regulations adopted by the Federal Communications Commission, prohibits calls to residential telephones using a pre-recorded voice which fails to state the caller's full legal name at the beginning of the message.

15.     Plaintiffs seek statutory and actual damages, attorney fees, costs, and all other relief as deemed appropriate by this Court, pursuant to the FDCPA, the TCPA, and all other common law or statutory regimes.

### IV. FACTS REGARDING PLAINTIFF

16.     Sometime prior to December 1, 2008, BRAURMAN allegedly incurred a financial obligation ("Obligation") to Paypal, Inc.

17.     That Obligation arises out of a transaction in which the money or services which are the subject of the transaction are primarily for personal purposes.

18. GC SERVICES contends that the alleged Obligation is in default.

19. The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20. BRAURMAN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

21. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to December 1, 2008, the creditor of the alleged obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to GC SERVICES for collection.

22. On November 30, 2009, at approximately 4:46 PM, GC SERVICES called Plaintiff's telephone using a pre-recorded message ("November Message").

23. A transcript of the November Message is:

Hello, this is a private and confidential message for Alexander Braurmon who resides at 12 Tanners Brook Road. This is not a sales or marketing call. If you're not Alexander Braurmon, please hang up or disconnect. If you are Alexander Braurmon, please continue to listen to this message, but do not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to it in private… By remaining on the line you are acknowledging that you are Alexander Braurmon. This is a call from GC Services, a debt collector. Please call us back at 866 954 0751 and reference file number 1923548. Our normal business hours are Monday through Thursday between 8 AM and 9 PM, central time. Thank you. Goodbye.

24. Later that evening, at approximately 5:15 PM, BRAURMAN called GC SERVICES.

25. No live person answered the call so BRAURMAN left a voice message.

26. In his voice message, BRAURMAN requested that GC SERVICES contact him in writing only, as it is inconvenient for him to receive calls at any time.

27. On December 9, 2009, at approximately 11:12 AM, GC SERVICES called Plaintiff's telephone using a pre-recorded message ("December Message").

28. BRAURMAN answered the telephone and said, "Hello."

29. The December Message played, a transcript of which Message is:

Hello. This is an important call for Alexander Doorman who resides at 12 Tanners Brook Road. If this is Alexander Doorman, please press one now. If this is not Alexander Doorman, please press two now. Once again, if this is Alexander Doorman, please press one now. If this is not Alexander Doorman, please press two now. This is an important message for Alexander Doorman. This is not a sales or marketing call. Please [indecipherable] to call us back at 866 954 0751. Once again, our number is 866 954 0751. Thank you, goodbye.

30. Immediately after receiving the December Message, BRAURMAN called GC SERVICES at 866 954 0751 and reached a GC SERVICES representative.

31. During this conversation, the GC SERVICES representative identified himself as "Jeff Fleeg."

32. On information and belief, the representative who identified himself as Jeff Fleeg was authorized to act on behalf of GC SERVICES and was acting on its behalf during his conversation with BRAURMAN.

33. During the conversation, BRAURMAN tried to explain that he disputed the Obligation and that he had requested GC SERVICES contact him only in writing.

34. During the conversation, Jeff Fleeg repeatedly denied any validity of BRAURMAN'S dispute.

## VI. FIRST COUNT – FDCPA VIOLATIONS

35. BRAURMAN realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

36. The December Message is a "communication" as defined by 15 U.S.C. §1692a(2).

37. The December Message was left by, or caused to be left by, persons employed by GC SERVICES in an attempt to collect a debt.

38. In violation of 15 U.S.C. § 1692c(a), GC SERVICES, in connection with the December Message, knew or should have known that it was communicating with BRAURMAN at an inconvenient time.

39. The December Message failed to identify GC SERVICES by name as the caller.

40. The December Message failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

41. The December Message failed to disclose that the communication was from a debt collector.

42. GC SERVICES violated the FDCPA. GC SERVICES' additional violations with respect to the December Message include, but are not limited to, the following:

(a) Placing a telephone call without providing meaningful disclosure of GC SERVICES's identity as the caller in violation of 15 U.S.C. §1692d(6);

(b) Leaving a telephonic voice message which fails to disclose the purpose or nature of the communication (namely, an attempt to collect a debt) in violation of 15 U.S.C. §1692d(6); and

(c) Failing to disclose in an oral communication that GC SERVICES is a debt collector in violation of 15 U.S.C. §1692e(11).

### VII. SECOND COUNT – TCPA AND THE NOVEMBER MESSAGE

43. BRAURMAN realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

44. The November Message failed to state GC SERVICES' full legal name at the beginning of the message in violation of 47 C.F.R. §64.1200(b)(1), a regulation adopted pursuant to 47 U.S.C. §227(b). *See*, *Sengenberger v. Credit Control Srvs., Inc.*, 2010 WL 1791270, 2010

U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010).

45. GC SERVICES' failure to state its full legal name at the beginning of the November Message was committed willfully or knowingly.

### VIII. THIRD COUNT – TCPA AND THE DECEMBER MESSAGE

46. BRAURMAN realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

47. By virtue of his communication on November 30, 2009. BRAURMAN withdrew any prior express or implied consent permitting GC SERVICES to call his residential line using an artificial or pre-recorded voice to deliver a message.

48. In connection with the December Message, GC SERVICES called BRAURMAN's residential telephone number using an artificial or pre-recorded voice to deliver a message without BRAURMAN's express consent in violation of 47 U.S.C. § 227(b)(1)(B).

49. The December Message failed to state GC SERVICES' full legal name at the beginning of the message in violation of 47 C.F.R. § 64.1200(b)(1), a regulation adopted pursuant to 47 U.S.C. § 227(b). *See*, *Sengenberger v. Credit Control Srvs., Inc.*, *supra.*

50. GC SERVICES' failure to its full legal name at the beginning of the December Message was committed willfully or knowingly.

### IX. PRAYER FOR RELIEF

WHEREFORE, BRAURMAN respectfully requests that the Court enter judgment in his favor and against GC SERVICES, as follows:

(a) An award of the maximum statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

(b) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(c) An award of the maximum damages pursuant to 47 U.S.C. § 227(b)(3);

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3); and

(e) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

BRAURMAN demands trial by jury of all issues so triable.

                                       Philip D. Stern & Associates, LLC
                                       Attorneys for Plaintiff, Alexander Braurman
                                       *s/Philip D. Stern*

Dated: December 8, 2010                        Philip D. Stern

                                       Philip D. Stern & Associates, LLC
                                       Attorneys for Plaintiff, Alexander Braurman
                                       *s/Inna Ryu*

Dated: December 8, 2010                        Inna Ryu